Filed 11/29/22 P. v. Philips CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072762 |
| v. | (Super.Ct.No. RIF079858) |
| BARBARA LYNN PHILLIPS, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded with directions.

Raymond Mark DiGuiseppe and David M. McKinney, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael P. Pulos and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Barbara Lynn Phillips, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. On appeal, defendant contended the court erred in denying her petition based on the jury's true finding on a felony-murder special-circumstance allegation. By opinion filed May 26, 2020, we affirmed.

On October 19, 2022, the California Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). On October 20, 2022, we ordered our decision vacated and set a briefing schedule.

Defendant argues that pursuant to *Strong*, the court erred in determining that the jury's true finding on the felony-murder special-circumstance allegation rendered prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) made her ineligible for relief. Defendant maintains she made the requisite prima facie showing and the matter should be remanded for an order to show cause (OSC) hearing. The People concede the matter should be remanded for the issuance of an OSC and an evidentiary hearing. We reverse and remand the matter for reconsideration.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

# I.  PROCEDURAL BACKGROUND[2]

A jury found defendant guilty of first degree murder.  (§ 187, subd. (a), count 1.) The jury also returned true findings on the special-circumstance allegations that the murder was committed while engaged in the commission of a kidnapping (§ 190.2, subd. (a)(17)(B)) and that the murder was intentional and involved the infliction of torture (§ 190.2, subd. (a)(18)).  The jury further found true the allegation that defendant personally used a firearm in the commission of the murder.  (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8).)  The court sentenced defendant to life without the possibility of parole, plus four years on the personal firearm use enhancement.  (*People v. Phillips*, *supra,* E026884.)

Defendant appealed.  On May 8, 2001, this court affirmed defendant's convictions.  (*People v. Phillips*, *supra*, E026884.)

On January 7, 2019, defendant filed a petition for resentencing under former section 1170.95 in the superior court and requested the court to appoint counsel to assist her.  The People filed a response arguing, in pertinent part, that defendant's petition

---

[2]  On October 17, 2019, we reserved ruling on defendant's October 11, 2019, request that we take judicial notice of the clerk's transcript of the written jury instructions given at trial and the reporter's transcript of the oral instructions given and the closing arguments.  We deny the request as unnecessary to our resolution of the issues on appeal. (Evid. Code, §§ 452, subd. (d), 459.)

On November 21, 2019, we reserved ruling on the People's November 12, 2019, request that we take judicial notice of our prior opinion in *People v. Phillips* (May 8, 2001, E026884) [nonpub opn.] (*Phillips*), from defendant's appeal from the judgment. We grant the request.  (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).)  We exclude a recitation of the facts here as irrelevant to the issues raised on appeal.

should be summarily denied because the jury's finding on the torture-murder allegation established she had the intent to kill, which meant that she could not make a prima facie showing for relief under former section 1170.95. On March 25, 2019, the public defender filed a reply to the People's response.

The court held a hearing on the petition on April 19, 2019. The deputy public defender represented defendant and requested a 90-day stay. The prosecutor stated, "It—torture murder, kidnap, special circumstance, LWOP[]. There were CALJICs given that required intent to kill." The court said it was inclined to summarily deny the petition; defense counsel objected. The court denied the petition.

Defendant appealed. We affirmed holding that an error in the instructions on the torture-murder allegation was harmless because the evidence clearly showed defendant acted with intent to kill.

## II. DISCUSSION

Defendant argues the court erred in denying her petition, and the matter should be remanded for an OSC hearing. The People agree. We remand the matter for a new prima facie hearing.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of" theories under which malice is imputed to a person based on that person's participation in a crime "to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference

4

to human life.'" (*Strong*, *supra*, 13 Cal.5th at pp. 707-708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citations], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*Id.* at p. 708, fn. omitted.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.) "As a general matter, a trial court should afford both parties the opportunity to brief the question of a petitioner's eligibility for relief and may extend the briefing deadlines 'for good cause' as necessary to ensure that such an opportunity is meaningful." (*Lewis*, *supra*, 11 Cal.5th at p. 966, fn. 4.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a

5

preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Lewis, supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.'" (*Ibid.*)

Where a defendant's "case was tried before both *Banks* and *Clark*, . . . special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) A court "err[s] in concluding otherwise." (*Ibid.*)

If, instead, a defendant has made a prima facie showing of entitlement to relief, "'the court shall issue an order to show cause.'" (*Strong*, *supra*, 13 Cal.5th at p. 708.) Once the court determines that a defendant has made a prima facie showing, "the court must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill 1437. [Citation.] 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of

6

proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'" (*Id.* at p. 709.) "Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life . . . .'" (*Id.* at p. 710.)

"[E]ffective January 1, 2022, the Legislature limited use of prior appellate opinions, allowing trial judges to 'consider the procedural history of the case recited.' [Citation.] . . . [I]ts specificity indicates the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a [former] section 1170.95 petition reaches the stage of a full-fledged evidentiary hearing." (*People v. Clements* (2022) 75 Cal.App.5th 276, 292; accord *People v. Flores* (2022) 76 Cal.App.5th 974, 988 ["[T]he factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing."].)

Here, the jury rendered the special-murder circumstance findings long before both *Banks* and *Clark* were decided. Thus, with respect to those findings, "no judge or jury has ever found the *currently* required degree of culpability . . . ." (*Strong*, *supra*, 13 Cal.5th at p. 718, italics added.) Thus, the finding did not, alone, render defendant per se ineligible for relief. Therefore, the court below erred in denying defendant's petition on that basis.

However, we also determined, in reliance on this court's prior opinion, that any error was harmless because the evidence was sufficient to support a finding that defendant acted with intent to kill.  Thus, we effectively reduced the evidentiary burden to the sufficiency of the evidence, from beyond a reasonable doubt, and erroneously relied exclusively upon the facts contained in this court's prior opinion.  Therefore, the matter must be remanded for a new prima facie hearing.  If the court finds defendant has made a prima facie showing, the court shall issue an OSC and schedule an evidentiary hearing prior to making any factual findings.

## III. DISPOSITION

The order dismissing defendant's petition is reversed.  The matter is remanded with directions to hold a new prima facie hearing.  We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.

MENETREZ
J.

8